UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LACY WINZER,

    Petitioner,

vs.

BILL CURREY, Warden,

    Respondent.

No. C 08-2341 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner was convicted of second degree robbery and petty theft with a prior. He was sentenced to prison for five years. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, and the California Supreme Court denied review.

Petitioner was seen on a Target store video system stuffing a pack of T-shirts down the front of his pants. When he tried to leave the store without paying for them, he was accosted by an "assert protection specialist." Petitioner hit the security person twice in the face. Petitioner's defense was that because Target had not retained the T-shirts, there was no evidence that he tried to take them; and that because the guard was not uniformed, and because, according to petitioner (the evidence is conflicting), the guard did not identify himself when trying to apprehend him, he was acting properly in self-defense when he hit

the guard.  Ex. 2 (opinion of the California Court of Appeal) at 2-6.[1]

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*,  537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in

---

[1] Citations to "Ex." are to the record lodged with the court by the Attorney General.

2

light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

Petitioner asserts that: (1) The trial court's failure to instruct on battery/assault as a lesser included offense violated his right to an instruction on his theory of defense; and (2) his counsel was ineffective.

### 1.     Lesser Included Offense Instruction

Petitioner contends that the trial court should have instructed on what he contends are the lesser included offenses of battery and assault. While the failure to instruct on a lesser included offense in a capital case is constitutional error if there was evidence to support the instruction, *Beck v. Alabama*, 447 U.S. 625, 638 (1980), the Ninth Circuit has held that in non-capital cases the general rule is that a state trial court's failure to instruct on a lesser included offense does not present a federal constitutional claim, *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000).

*Solis* did note, however, the possibility of an exception:  "[T]he defendant's right to adequate jury instructions on his or her theory of the case might, in some cases, constitute an exception to the general rule." *Id.* (citing *Bashor v. Riley*, 730 F.2d 1228, 1240 (9th Cir. 1984). Due process requires that "'criminal defendants be afforded a meaningful opportunity to present a complete defense.'" *Clark v. Brown*, 450 F.3d 898, 904 (9th Cir. 2006) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)).  A criminal defendant therefore is entitled to adequate instructions on the defense theory of the case. *Conde v. Henry*, 198 F.3d 734, 739 (9th Cir. 2000) (error to deny defendant's request for instruction on simple kidnaping where such instruction was supported by the evidence).

The California Court of Appeal set out the arguments as to whether in this particular

3

case battery and assault are lesser included offenses of robbery under the California accusatory pleading test – they are not lesser included offenses under the alternative "elements test" – and concluded that it need not resolve that question because there was not sufficient evidence to support an instruction on those offenses. Ex. 2 at 10-13. It also held that any error was harmless. *Id.* at 14-16.

In discussing whether there was sufficient evidence to support the instruction, the court of appeal noted that although the only independent witness said that he did not hear the Target security person identify himself, that witness also did not see or hear the entire confrontation, and testified that he did not remember what the security man yelled to petitioner. *Id.* at 11-12. This might seem to be dispositive, but on appeal petitioner argued that the witness's testimony that he did not hear the security man identify himself and did not remember what the guard said could be construed to mean that although the witness could not remember what the guard did say, he knew that he did not identify himself. *Id.* at 12. The court of appeal remarked that "[a]s such, we question whether Mahoney's testimony can be considered credible and of solid value, as required of substantial evidence, on the assertion that Winzer was unaware that Rogers was Target security when he hit him in the face." *Id.* at 12-13. The court went on to say:

> Moreover, in deciding whether the evidence cited by Winzer constitutes substantial evidence, we must determine whether the jury could reach the conclusion that Winzer was not motivated by an intent to steal when he hit Rogers in light of all the evidence at trial. The undisputed evidence showed that Winzer took a package of T-shirts off of a shelf, turned his back to the security camera as his companion acted as a lookout, secreted the package down the front of his pants, and then walked out the door of the store without paying for it. The undeniable inference is that Winzer harbored an intent to steal the T-shirts, including at the point he crossed the threshold and was confronted by Rogers. Given this evidence, no reasonable juror could conclude, even if Rogers was in plain clothes, had not announced himself as Target security, and had grabbed Winzer's arm, that Winzer's reaction in repeatedly striking Rogers' face was unrelated to Winzer's intent to steal the T-shirts he had concealed in his pants.

*Id.* at 13. The court concluded that there was not substantial evidence to support giving the instruction for which petitioner contended, and that the trial court therefore was not required to instruct on battery or assault. *Id.* at 14.

A defendant is entitled to an instruction on his defense theory only "if the theory is

4

legally cognizable and there is evidence upon which the jury could rationally find for the defendant." *United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009) (internal quotations omitted). For the reasons set out by the California Court of Appeal, this court concludes that there was not evidence upon which the jury could rationally rely to find that petitioner was guilty of only battery or assault, rather than robbery. He had no constitutional right to instructions on those offenses.

### 2. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

It is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the *Strickland* test if the petitioner cannot even establish incompetence under the first prong. *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998). Similarly, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.

Petitioner contends that his counsel was ineffective in not requesting a custom jury instruction that would have told the jury that he could not be found guilty of robbery unless his specific intent in striking the guard was to retain the property. The instructions that the trial court did give included one that told the jury:

> The requisite force or fear needed to establish a robbery need not

> occur at the time of the initial taking. Assuming all the other required elements have been proven, the use of force or fear to escape with or otherwise retain even temporary possession of the property constitutes robbery.
>
> It is not an essential element to the crime of robbery that the use of force or fear be used to gain direct physical possession of the property taken.
>
> Again, assuming all other elements have been proven, a robbery is committed if an individual uses force or fear to retain possession of the property prior to reaching a place of relative safety.

Ex. 5 (reporter's transcript), pt. 4 at 281-82. This instruction adequately covers the point petitioner urges, in that it requires the jury to find that the force or fear was used "to retain possession." It therefore was not deficient performance for counsel not request the suggested instruction, nor did the failure prejudice petitioner. This claim is without merit.

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court

of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. A Certificate of Appealability also is **DENIED**.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases (eff. Dec. 1, 2009).

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  April 9, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\WINZER2341.RUL.wpd